**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JAMES F.,

Case No. 1:26-cv-10137

*Plaintiff,*

Patricia T. Morris
United States Magistrate Judge

v.

COMMISSIONER OF SOCIAL
SECURITY,

*Defendant.*

_____/

## OPINION AND ORDER ISSUING RULE 11 SANCTIONS

### I.   CONCLUSION

For the reasons set forth below, the Court **SANCTIONS** Attorney Erin Rich

and her law firm, the Law Offices of Kelly, Riggs, & Mansour, PLC (dba Disability

Law Group), for violations of Federal Rule of Civil Procedure 11.  In particular, the

Court finds Rich made affirmative misrepresentations and falsehoods in her filing

(ECF No. 10) as described below.

### II.   ANALYSIS

#### A.   Introduction and Procedural History

On September 27, 2023, Plaintiff filed applications for disability insurance

benefits and supplemental security income, alleging he became disabled on April

23, 2023.  (ECF No. 7-1, PageID.40).  The application was denied at all

1

administrative levels, and Plaintiff sought judicial review on January 14, 2026. (ECF No. 1).  The parties consented to the Undersigned "conducting any or all proceedings in this case, including entry of a final judgment and all post-judgment matters." (ECF No. 9).  The parties then filed cross-motions for summary judgment. (ECF Nos. 10, 12, 13).

Upon review, the Court had concerns regarding some of Plaintiff's representations of fact and law and ordered Rich and her law firm to show cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11. (ECF No. 14).  Rich filed a written response on July 7, 2026, and the Court held a hearing on the order the next day.  (ECF No. 16).

## B.    Legal Standard

Federal Rule of Civil Procedure 11(b) states:

**Representations to the Court**.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

2

reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4); *see also* Mich. R. Prof'l Conduct 3.1, 3.3, 4.1. "In addition, Rule 11 creates and imposes upon counsel an affirmative duty of investigation both as to law and fact before filing." *Henry v. City of Eastpointe Police Dept.*, No. 11-cv-10192, 2013 WL 1395847, at *11 (E.D. Mich. Apr. 5, 2013) (internal quotation omitted). "Rule 11 also imposes an implied 'duty of candor,' which attorneys violate whenever they misrepresent the evidence supporting their claims." *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023). "Thus, a court may sanction attorneys under Rule 11(b)(3) for factual assertions they know—or after reasonable investigation should have known—are false or wholly unsupported." *Id.*; *see also Turner v. St. Joseph Pub. Schs.*, No. 23-cv-625, 2024 WL 4858025, at *9 (W.D. Mich. Nov. 21, 2024) (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 959 (6th Cir. 1990)), *vacated*, 2024 WL 6892990 (W.D. Mich. Dec. 17, 2024) ("While the Court remains dissatisfied that [counsel's] characterization of zealous advocacy allows room for a lack of self-reproach, the Court will vacate the order to show cause and not impose sanctions. This Order serves as a warning to [counsel].").

The Court may, on its own initiative, order an attorney or law firm to show cause why conduct specifically described in the order has not violated Rule 11(b).

Fed. R. Civ. P. 11(c)(3).  Additionally, "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).  Sanctions on the Court's initiative "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; [or] an order to pay a penalty into court . . . ." Fed. R. Civ. P. 11(c)(4). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

The decision to impose Rule 11 sanctions is within the court's discretion. *Teno v. Iwanski*, 464 F. Supp. 3d 924, 934 (E.D. Tenn. 2020) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992)).  "When deciding whether to impose Rule 11 sanctions, a court should consider whether an individual's conduct was reasonable under the circumstances," which is to be viewed objectively from what a reasonable attorney would have done at the time. *Id.* (quotation omitted).

> Rule 11 itself does not delineate the factors a court should consider when deciding whether to impose sanctions.  However, the Advisory Notes list several factors a court can consider, which include:
>
> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation

> process in time or expense; whether the responsible person
> is trained in the law; what amount, given the financial
> resources of the responsible person, is needed to deter that
> person from repetition in the same case; what amount is
> needed to deter similar activity by other litigants.

*Id.* (quoting Fed. R. Civ. P. 11 Advisory Notes to the 1993 Amendment).

## C.    Discussion

The Court previously discussed Rich's sanctionable conduct in this case in its

order to show cause.  After detailing prior recent misconduct, this Court stated:

> In this case, Attorney Rich has again falsified, and embellished to the
> point of misrepresentation, record facts.  First, Rich argued that
> Plaintiff's post-hospital records supported continued limitations. (ECF
> No. 10, PageID.2612).  In support, Rich stated: "On May 31, 2023,
> Plaintiff remained in speech therapy for expressive aphasia, and the
> provider observed that his speech was notably off.  (ECF No. 7-1,
> PageID.1005)."    (ECF No. 10, PageID.2612; *see also id.* at
> PageID.2603, 2613 (repeating false factual statements)).  False.  His
> physician actually stated: "He is still going to speech therapy as he has
> a little bit of expressive aphasia.  Today he does seem alert and oriented
> x3, *I did not notice that his speech was off notably at all*."  (ECF No. 7-
> 1, PageID.1005 (emphasis added)).
>
> Second, Rich stated that "[p]rimary care records documented ongoing
> treatment through August 2024 for the sequelae of meningitis, severe
> sepsis, ischemic cerebrovascular accident, and related conditions, with
> symptoms including generalized weakness, left forearm numbness,
> hearing loss, and ear complaints.  (ECF No. 7-1, PageID.985, 993,
> 997)."  (ECF No. 10, PageID.2612).  But all of Rich's citations are to
> medical records from April through September 2022, eight to thirteen
> months prior to the period of alleged disability and Plaintiff's
> hospitalization.
>
> Rich's next two sentences, while factually accurate, omit important
> information showing that Plaintiff's numbness was mild and his brain
> MRI was back to normal except for stable changes related to aging.

5

(ECF No. 10, PageID.2612 (citing ECF No. 7-1, PageID.775, 778, 809–10)).  Therefore, the Court finds that the pattern of embellishment has risen to the point of misrepresentation.  *Accord King*, 71 F.4th at 525 (providing an example of embellishment to the point of misrepresentation).

Attorney Rich also claimed that new evidence documented that Plaintiff had "numerous seizures."  (ECF No. 10, PageID.2619–20).  But the provided citations document only that Plaintiff "require[d] intubation and ICU treatment and also suffered *a generalized seizure*."  (ECF No. 7-1, PageID.60, 66 (emphasis added)).  There is thus no factual support for Rich's statement regarding "numerous seizures."

A reasonable pre-filing inquiry, which includes reading the documents one uses to support her contentions, would have uncovered the inaccuracy of these statements.  *King*, 71 F.4th at 522.  "But even if that was not the case, 'Rule 11 is not a one-time obligation,'" meaning attorneys have a "'continuing responsibility to review and reevaluate [their] pleadings and where appropriate modify them to conform to Rule 11.'"  *Turner*, 2024 WL 4858025, at *10 (quoting *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)).  Rich should have corrected or accounted for her falsities when they were pointed out by the Commissioner.  (*See* ECF No. 12, PageID.2632 n.1).  She also should have gone through briefs submitted in other cases given that her pattern of misconduct had previously been pointed out to her by the Court and affirmatively corrected any errors, falsities, or misrepresentations—and she is encouraged to do so now.  She did not do so.

> Zealous advocacy is expected of attorneys.  The Court recognizes that an attorney enters the arena to put forth the best possible case for their client.  Such conduct is celebrated as the fabric of our judicial system and due process.  However, the contours of zealous advocacy stop at the truth.  When an attorney makes patent misrepresentations or falsehoods to the Court, they have betrayed their duty as an officer of the court.  [Erin E. Rich], Plaintiff's attorney, submitted the [motion] on [Plaintiff's] behalf.  [Rich's] advocacy is, at best, riddled with misrepresentations.

*Turner*, 2024 WL 4858025, at *9.  Rich must therefore show cause why sanctions should not be imposed for the falsehoods submitted to the Court.

(ECF No. 14, PageID.2656–59 (footnotes omitted)).

In her response to the Court's order and at the hearing, Rich accepted responsibility for the falsities identified in the Court's order and withdrew them. (*See, e.g.*, ECF No. 16, PageID.2666–67).  However, she explained that—although she accepts full responsibility as the attorney who signed the motion—the falsities "arose from reliance on prior attorney work product, prior summaries,[1] and draft language that were not independently reverified against the administrative record with sufficient care before filing."  (*Id.* at PageID.2669).

Rich also described some corrective measures she and her firm have already taken since this Court's order to make sure this kind of misconduct does not happen again, including: (1) implementing a peer-review process for briefs including citation-by-citation verification of cited facts (the Court also expects the firm to

---

[1] Although Rich could not be certain in this case, she did admit at the hearing that her firm occasionally uses AI to summarize voluminous medical records.  The Court notes that the organization Rich will use to complete her ordered continuing legal education also has classes on ethical and efficient AI use in the context of social security disability cases. Although the Court is not ordering her to attend these specific classes, it notes that the fee Rich will pay to gain access to the ordered classes also includes full access to the rest of the organization's classes.  Rich and her firm are encouraged to peruse the catalogue and identify any other classes that may be useful to her or her firm as they continue to advocate responsibly for their clients.

verify the accuracy and relevancy of cited law (*see Tiffany K. v. Comm'r of Soc. Sec.*, No. 25-cv-10319, 2026 WL 127737, at *1 n.2 (E.D. Mich. Jan. 16, 2026) (warning Rich about potential AI misuse in citing non-existent phantom cases))); (2) requiring additional attorney review of each brief, including not relying on prior work product without independent reverification; (3) referring certain matters to other law firms or seeking their cooperation in cases before United States District Courts; and (4) a new attorney training program at the law firm.

The Court emphasized to Rich that although there is nothing inherently wrong with making the same arguments in multiple cases, it is wrong to misstate facts to provide support for the arguments. The better method is to let the record evidence determine which arguments are salient. Instead, it appears that counsel used predetermined arguments, searched the record for proof, and then—when insufficient facts existed—misstated facts to fit the predetermined issues.

The Court finds Rich's and Disability Law Group's corrective measures and acceptance of responsibility are sufficient to negate the need for monetary sanctions to deter repetition of this or similar misconduct. *See Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (noting the amended Rule 11 "de-emphasizes monetary sanctions" (quotation omitted)). Nevertheless, given Rich's multiple warnings prior to the order to show cause; her similar pattern of misconduct; the Court's finding that the falsities were willful (by someone in the law

8

firm's chain of command); her long history and training in social security disability work; and the time and expense this Court and the Commissioner have expended reviewing and identifying the falsities, the Court finds that other sanctions are necessary to deter repetition of similar misconduct.

Given Rich's emphasis on her supervisory role and the new practices her firm has put in place to ensure this misconduct will not be repeated, the Court **ORDERS** Rich to complete the following continuing legal education classes offered by the National Organization of Social Security Claimants' Representatives which should provide some guidance on how to avoid such misconduct in the future:

- Social Security Disability Law: Comprehensive strategies from filing to federal court, including ethical challenges (available at https://nosscrcle.org/products/social-security-disability-law-comprehensive-strategies-from-filing-to-federal-court-including-ethical-challenges/)

- Effective Advocacy with a Focus on Hard-to-Win Cases (available at https://nosscrcle.org/products/effective-advocacy-with-a-focus-on-hard-to-win-cases-track-ii-day-3-presented-by-national-organization-of-social-security-claimants-representatives/)

- The Duties We Owe to Each Other: Ethics in Social Security Disability Representation (available at https://nosscrcle.org/products/the-duties-we-owe-to-each-other-ethics-in-social-security-disability-representation-track-ii-day-2-presented-by-national-organization-of-social-security-claimants-representatives/)

- Who's Doing the Work? The Ethical Supervision of Staff, Contractors, and Robots (available at https://nosscrcle.org/products/whos-doing-the-work-the-ethical-supervision-of-staff-contractors-and-robots-2026-spring-national-conference-track-ii-presented-by-national-organization-of-social-secur/)

The Court finds these classes' focus on ethics, responsible supervision, and efficient case management will benefit Rich and her firm as she implements the above-mentioned changes. Rich shall submit a certificate of completion or "self-study credit" for the identified courses. As discussed above, she and her firm are further encouraged to make use of any other classes that appear helpful, including classes on ethical AI use, using creativity in brief writing, and adapting to changes in social security law.

In addition, when asked at the hearing whether she had reviewed pending-but-not-yet-decided motions for similar errors as suggested in the order to show cause (ECF No. 14, PageID.2659), Rich stated she was unaware of whether that was allowed. In addition, given the directive in Rule 11(c)(1) that a firm also be sanctioned for its employee's misconduct, the Court **ORDERS** Rich and her law firm to review any pending motions in the Eastern District of Michigan for similar issues, using the new procedures her law firm has implemented since this Court's order as discussed above. *Rabbah v. Fed. Home Loan. Mortg. Corp.*, No. 12-cv-14599, 2013 WL 153729, at *6 (E.D. Mich. Jan. 15, 2013) ("IT IS ORDERED that [counsel] is directed to re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law."). A motion to amend a brief should be filed if any similar misconduct is identified.

10

The Court believes these sanctions, the procedures Rich identified in her response and during the hearing, and her acceptance of responsibility and sincerity during the hearing will suffice to deter similar misconduct by Rich or her firm in the future.

## III.  <u>ORDER</u>

For these reasons, and the reasons stated on the record, the Court imposes Rule 11 sanctions on Attorney Erin Rich and her law firm, the Law Offices of Kelly, Riggs, & Mansour, PLC (dba Disability Law Group).   Rich is **HEREBY ORDERED** to complete the above-listed continuing education classes and to update the Court on their completion by September 14, 2026.  Rich and her law firm are **FURTHER ORDERED** to review their pending cases in the Eastern District of Michigan for similar falsities and to move to amend them if necessary.

     **IT IS SO ORDERED.**

Date: July 13, 2026                              S/PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

11